UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STORMTECH LLC, and ADVANCED DRAINAGE SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CULTEC, INC. <br><br> Defendant. | Civil Action No.: <br><br> Jury Trial Requested <br><br> December 31, 2015 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs StormTech LLC and Advanced Drainage Systems, Inc. (collectively "Plaintiffs"), by way of Complaint against Cultec, Inc., state as follows:

### PARTIES

1. Plaintiff StormTech LLC ("StormTech") is a limited liability company organized and existing under the laws of the state of Delaware. StormTech is a wholly-owned subsidiary of Advanced Drainage Systems, Inc. ("ADS"). StormTech's chief executive office and principal place of business are located at 4640 Trueman Boulevard, Hilliard, Ohio 43026. StormTech manufactures and sells a variety of water management products and superior drainage solutions for use in the construction and infrastructure marketplace, including stormwater chambers.

2. Plaintiff ADS is a corporation organized and existing under the laws of the state of Delaware, with its corporate headquarters at 4640 Trueman Boulevard, Hilliard, Ohio 43026. ADS manufactures and sells a variety of water management products and superior drainage solutions for use in the construction and infrastructure marketplace, including thermoplastic corrugated pipe.

3. On information and belief, Defendant Cultec, Inc. ("Cultec") is a corporation organized and existing under the laws of the state of Connecticut, having its principal place of business located at 878 Federal Road, P.O. Box 280, Brookfield, Connecticut 06804.

4. On information and belief, Cultec manufactures and sells water management products, including plastic stormwater chambers, and regularly conducts business throughout the United States, including the state of Connecticut and this judicial district, by selling these water management products, including plastic stormwater chambers, directly to customers. On information and belief, Cultec derives revenue from the sale to consumers of water management products, including plastic stormwater chambers.

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

5. Plaintiffs repeat and incorporate by reference paragraphs 1-4 above as though fully restated herein.

6. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271, that arises at least from Cultec's manufacture, use, importation, sale, and/or offer for sale of certain plastic stormwater chambers that infringe U.S. Patent No. 8,672,583 ("the '583 patent").

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. On information and belief, Cultec has placed infringing products, including plastic stormwater chambers, which form the basis of this Complaint, into the stream of commerce with the expectation that such products will be purchased within the United States and in the state of Connecticut.

9. On information and belief, Cultec offers for sale and sells within the United States and the state of Connecticut plastic stormwater chambers that practice, and thereby infringe at least claims 1, 2, 5-8, 10, 13-16, 18, and 21 of the '583 patent.

10. On information and belief, Cultec is subject to personal jurisdiction in this Court because Cultec is domiciled in Connecticut, having its headquarters and principal place of business in Connecticut. Moreover, Cultec is further subject to personal jurisdiction in the District of Connecticut, consistent with the principles of due process, by virtue of Cultec's above-referenced activities and contacts within the state of Connecticut, and further because Cultec purposefully availed and avails itself of the privileges of doing business in Connecticut.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2), at least because Cultec is subject to this Court's personal jurisdiction and has conducted and/or continues to conduct business in this judicial district, and because at least some of the acts giving rise to this Complaint occurred in this judicial district.

## FACTUAL BACKGROUND

12. Plaintiffs repeat and incorporate by reference paragraphs 1-11 above as though fully restated herein.

13. StormTech owns the '583 patent, entitled "Corrugated Stormwater Chamber Having Sub-Corrugations," a patent duly and properly issued by the U.S. Patent and Trademark Office on March 18, 2014. A true and correct copy of the '583 patent is attached as Exhibit A.

14. ADS has an exclusive license under the '583 patent.

15. During the term of the '583 patent, Cultec has manufactured, offered for sale, sold, used, and/or imported products embodying the patented inventions of the '583 patent, such

3

as its Recharger 902HD stormwater chamber, and has engaged in other activities infringing the same.

16. For example, upon information and belief, Cultec has offered for sale and sold its Recharger 902HD stormwater chambers and Recharger 902HD end caps to customers in the United States through Construction Materials, Inc., since at least August 2015.

17. In addition, upon information and belief, Cultec has established dealers and distributors for selling and offering for sale its products located throughout the United States, including in the state of Connecticut.

18. During the term of the '583 patent, Cultec has contracted with at least one third party, MSI Mold Builders, to have manufactured products embodying the patented inventions of the '583 patent, such as its Recharger 902HD stormwater chamber.

19. On its website, Cultec advertises its infringing Recharger 902HD stormwater chambers and includes product specifications and CAD drawings of Recharger 902HD stormwater chambers.

20. Cultec's acts have been without license or authority of Plaintiffs.

## COUNT I

### PATENT INFRINGEMENT, 35 U.S.C. § 101 et seq.

21. Plaintiffs incorporate the allegations of paragraphs 1-20 of this Complaint as if fully restated.

22. This claim arises under 35 U.S.C. §§ 101 *et seq.*

23. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

4

24. Cultec's acts constitute infringement of the '583 patent under 35 U.S.C. § 271. Cultec has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '583 patent, by, without limitation, making, using, importing, selling, and/or offering for sale stormwater chambers in the District of Connecticut and elsewhere in the United States, that include all of the limitations of one or more of the claims of the '583 patent.

25. In violation of 35 U.S.C. § 271, Cultec actively induces third-party manufacturers, distributors, importers, and/or customers that purchase, manufacture, or sell stormwater chambers that satisfy all of the limitations of one or more of the claims of the '583 patent, to directly infringe one or more claims of the '583 patent. Cultec induces infringement, at least, by knowingly selling stormwater chambers with the intent that its customers directly infringe the '583 patent through sales and use of the stormwater chambers in the United States.

26. Cultec's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover damages in an amount subject to proof at trial.

27. Plaintiffs have been, and continue to be, damaged and irreparably harmed by Cultec's infringement, which will continue unless Cultec is enjoined by this Court.

28. On information and belief, Cultec knew or should have known of the '583 patent at least since March 2015, when the '583 patent was cited by the patent examiner during prosecution of Cultec's United States Design Patent No. D737,927. Thus, on information and belief, Cultec's infringement has been, and continues to be, willful and deliberate.

29. Plaintiffs' current infringement positions are based upon reasonable information and belief. Plaintiffs anticipate collecting additional evidentiary support through the discovery

process. As such, Plaintiffs reserve the right to assert any claims of the '583 patent, against any additional infringing product identified during the discovery process.

30. Cultec's 902HD Recharger stormwater chambers literally infringe at least claim 1, which states:

> 1. A chamber comprising:
>
> opposing side bases running generally parallel to a chamber length for supporting the chamber;
>
> a chamber top;
>
> sidewalls running from the opposing side bases to the chamber top, wherein the sidewalls and top form an arch-curve;
>
> a plurality of alternating curve corrugations and valley corrugations running transverse to the length of the chamber along the arch-curve of the chamber, wherein the crest corrugations decrease in width with elevation from the opposing side bases, and the valley corrugations increase in width with elevation from the opposing side bases, as width is measured in a direction parallel to the chamber length; and
>
> a plurality of crest sub-corrugations, each crest sub-corrugation running upwardly from an opposing side base and along a portion of the arch-curve of a crest corrugation, each crest sub-corrugation having a height less than a local height of the crest corrugation with which the crest sub-corrugation is associated, each crest sub-corrugation terminating at an elevation lower than the top of the chamber, wherein the height of each crest sub-corrugation diminishes with increasing elevation.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor and against Cultec holding that:

1) Cultec has infringed the '583 patent;

2) Plaintiffs be awarded royalty or lost profit based damages adequate to compensate them for Cultec's infringement of the '583 patent, such damages to be determined by a jury;

3) Cultec, its officers, agents, employees, and those persons in active concert or participation with it or any of them, and its successors and assigns, be preliminarily and permanently enjoined, pursuant to 35 U.S.C. § 283 and Rule 65 of the Federal Rules of Civil Procedure, from continued infringement of the '583 patent, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products that infringe the '583 patent, until the expiration of the '583 patent or until such later date as the Court may determine;

4) All items that infringe the '583 patent be delivered up to Plaintiffs or destroyed;

5) Cultec's infringement of the '583 patent has been, and continues to be, willful;

6) Damages for infringement of the '583 patent be trebled as provided for by 35 U.S.C. § 284 for Cultec's willful infringement of the '583 patent;

7) This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Plaintiffs be awarded their reasonable attorneys' fees, expenses and costs; and

8) Plaintiffs be awarded such other and further relief as this Court deems just and proper.

Dated: December 31, 2015

Respectfully submitted,

/s/ *Andrea Donovan Napp*
Andrea Donovan Napp (ct26637)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103
Tel.: (860) 275-8206
Fax: (860) 275-8299
E-mail: anapp@rc.com

*Co-Counsel:*
James R. Barney (*pro hac vice* application forthcoming)
Virginia Bar No.: 43826
Aaron L. Parker (*pro hac vice* application forthcoming)
Virginia Bar No.: 65805
Jose M. Recio (*pro hac vice* application forthcoming)
Virginia Bar No.: 82559
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Ave., NW
Washington, DC 20001
Tel.: (202) 408-4000
Fax: (202) 408-4400
E-mail: james.barney@finnegan.com
E-mail: aaron.parker@finnegan.com
E-mail: jose.recio@finnegan.com

*Attorneys for Plaintiffs StormTech, LLC and Advanced Drainage Systems, Inc.*